**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

ALVARO DANIEL SOZA ORDONEZ,

     Petitioner,

     v.                         Case No. 2:26-cv-02298-BCL-cgc

CHRISTOPHER BULLOCK,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

     Respondent.

---

**ORDER DENYING MOTION**

---

On March 19, 2026, Petitioner in this case, or someone acting on his behalf, filed a "pro se" Petition for Writ of Habeas Corpus challenging Petitioner's detention without a bond hearing pending the removal proceedings against him. Doc. 2. In both the Petition and an accompanying— and also purportedly "pro se"—motion for temporary restraining order (Doc. 3), Petitioner added an argument that it would be improper to remove him "while this petition is pending." *Id.* at 4– 5. The motion for temporary restraining order is supported by a declaration purportedly signed by petitioner. Doc. 3 at 4.

The Court denied the Petition (Doc. 2) and the Motion (Doc. 3) on April 8, 2026. Doc. 10. The Court rejected Petitioner's arguments on their merits. As relevant here, one independently sufficient basis for the Court's ruling was that Petitioner is now subject to a final order of removal which itself requires detention. *Id.* at 7. The Court also rejected Petitioner's passing challenge to possible removal to a third country on several independent bases—one of which was that Petitioner had signed a statement that he did not desire further review of this issue. *Id.* at 10.

1

Now comes Petitioner's Emergency Motion to Enjoin Removal and to Invalidate Coerced Voluntary Departure, which apparently was mailed on April 8, the same day this Court's Order denied Petitioner's Petition and TRO Motion. Docs. 12, 12-1. That new "pro se" motion asks the Court to (1) enjoin his removal, and (2) invalidate his notice of voluntary departure on the ground that it was "coerced" or involuntary because he "was not informed that he had a pending federal habeas corpus action or that a TRO Motion was awaiting judicial decision." Doc. 12 at 2. This new Motion raises serious issues:

(1) Why and how were a habeas petition and TRO Motion filed on Petitioner's behalf without Petitioner's knowledge;
(2) who prepared those documents;
(3) is Petitioner's declaration supporting the TRO Motion genuine and, if it is, how can he now claim he did not know of that Motion?

But none of those issues warrant the relief Petitioner seeks, for the reasons already given in the Court's earlier Order. Doc. 10. Therefore, the Court **DENIES** Petitioner's new Motion. To avoid further prolonging these proceedings, the Court does so without further inquiring into the very serious concerns the Motion raises concerning the integrity of this challenge to the immigration process. If similar concerns arise in this case or appear more broadly, the Court will inquire further.

**IT IS SO ORDERED**, this 10th day of April, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE